WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Initial Debtor and*
*Proposed Attorneys for the Subsidiary Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
**In re**                                       :     Chapter 11
:
**EVERGREEN GARDENS MEZZ LLC,**                 :     Case No. 21-10335 (MG)
:
               **Debtor.**           :
:
Fed. Tax Id. No. 83-3200416                     :
------------------------------------------------------------X
:
**In re**                                       :     Chapter 11
:
**EVERGREEN GARDENS I LLC,**                    :     Case No. 21-11609 (MG)
:
               **Debtor.**           :
:
Fed. Tax Id. No. 83-4652211                     :
------------------------------------------------------------X
:
**In re**                                       :     Chapter 11
:
**EVERGREEN GARDENS II LLC,**                   :     Case No. 21-11610 (MG)
:
               **Debtor.**           :
:
Fed. Tax Id. No. 47-2876782                     :
------------------------------------------------------------X

**MOTION OF DEBTORS PURSUANT TO
FED. R. BANKR. P. 1015(b) FOR ENTRY OF ORDER
DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Evergreen Gardens Mezz LLC ("**EGM**" or the "**Initial Debtor**"), together with Evergreen Gardens I LLC ("**EG I**") and Evergreen Gardens II LLC ("**EG II**" and, together with EG I, the "**Subsidiary Debtors**" and, together with the Initial Debtor, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Relief Requested**

1.  By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request entry of an order directing joint administration of these Chapter 11 Cases for procedural purposes only.

2.  In addition, the Debtors respectfully request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to the Initial Debtor, and that these Chapter 11 Cases be jointly administered under the following consolidated caption:

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
: 
In re : Chapter 11
:
**EVERGREEN GARDENS MEZZ LLC**, *et al.*, : Case No. 21-10335 (MG)
:
Debtors[1]. : (Jointly Administered)
:
Fed. Tax Id. No. 83-3200416 :
---------------------------------------------------------------X

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782). The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

3. The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk of the Court to reflect the joint administration of the Debtors' Chapter 11 Cases:

> An order has been entered in accordance with Bankruptcy Rule 1015(b) directing the procedural consolidation and joint administration of the of the chapter 11 cases of Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782). The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211. The docket in Case No. 21-10335 (MG) should be consulted for all matters affecting the cases.

4. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6. On February 22, 2021 (the "**Initial Debtor Petition Date**"), the Initial Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. On the date hereof (the "**Subsidiary Debtor Petition Date**" and, together with the Initial Debtor Petition Date, the "**Petition Dates**"), the Subsidiary Debtors commenced their own voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

7. Following a robust and comprehensive marketing process, the Debtors have secured the support and commitment, pursuant to an executed restructuring support agreement, dated August 31, 2021 (the "**RSA**"), of their senior, secured noteholders and mezzanine lender. These two key creditor constituencies support, in accordance with the RSA, a value-maximizing chapter 11 plan that implements a sale of substantially all of the Subsidiary Debtors' assets to an affiliate of Atlas Capital Group, LLC for approximately $506 million pursuant to the terms of a signed purchase and sale agreement (the "**Purchase Agreement**"). Prior to the date hereof, in accordance with applicable securities laws, the Subsidiary Debtors commenced the process of soliciting votes from creditors in each of their impaired voting classes under the proposed joint chapter 11 plan, which has already been overwhelmingly approved by the holders of the Subsidiary Debtors' senior secured notes. Subject to completion of the ongoing voting process, the Debtors expect the chapter 11 plan to be accepted by all classes of impaired voting creditors. Consistent with their obligations under the RSA and the Purchase Agreement, the Debtors intend to promptly seek a joint hearing from the Court to consider the adequacy of their disclosure statement and

4

confirmation of their proposed chapter 11 plan and to proceed promptly to closing on the proposed sale transaction.

8. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Asaf Ravid Pursuant to Local Bankruptcy Rule 1007-2 in Support of Subsidiary Debtors' Chapter 11 Petitions and Related Relief*, sworn to on the date hereof (the "**Ravid Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated herein by reference.[1]

**Basis for Relief Requested**

9. As set forth in the Ravid Declaration, there are three (3) Debtors and numerous creditors and other parties in interest in these Chapter 11 Cases. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated Chapter 11 Cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

10. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are all under common ownership, and therefore are "affiliates" (as defined in section 101(2) of the Bankruptcy Code) of each other. Accordingly, the Court is authorized to grant the relief requested herein.

11. As set forth in the Ravid Declaration, joint administration of these Chapter 11 Cases will save the Debtors and their estates substantial time and expense by removing the need

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Ravid Declaration.

5

to prepare, replicate, file, and serve duplicative notices, applications, and orders. Furthermore, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the Southern District of New York and other parties in interest will similarly benefit from joint administration of these Chapter 11 Cases, as it will spare them from the time and effort of reviewing duplicative pleadings and papers.

12.   Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion only requests administrative – and not substantive – consolidation of the Debtors' estates. For example, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will not be affected by the relief requested herein, and the Debtors will maintain separate records of assets and liabilities.

## Notice

13.   Notice of this Motion will be provided to (i) William K. Harrington, the U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Andrea B. Schwartz, Esq. and Shara Cornell, Esq.); (ii) the Debtors' top twenty (20) unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the Southern District of New York; (v) counsel to Mishmeret Trust Company Ltd., as Trustee for the Bondholders, Chapman & Cutler LLP, 1270 Sixth Avenue, New York, New York 10020 (Attn: Michael Friedman, Esq., Stephen R. Tetro II, Esq., and Aaron Krieger, Esq.); (vi) counsel to MREF REIT Lender 9 LLC, as Mezzanine Lender, Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018 (Attn: Michael H. Goldstein, Esq., and Kizzy L. Jarashow, Esq.); (vii) counsel to JPMorgan Chase Bank, N.A., as Mortgage Lender to EG I, Fried, Frank, Harris, Shriver & Jacobson LLP, 1 New York Plaza, New York, NY 10004 (Attn: Gary Kaplan, Esq. and Michael Barker, Esq.); and (viii) counsel to Atlas

6

Capital Group, LLC, as Purchaser, Thompson Hine LLP, 335 Madison Avenue, 12th Floor, New York, New York 10017 (Attn: John Bae, Esq. and Jonathan Hawkins, Esq.) (collectively, the "**Notice Parties**").  The Debtors respectfully submit that no further notice is required.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 14, 2021
       New York, New York

/s/ Matthew P. Goren
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Initial Debtor and*
*Proposed Attorneys for the Subsidiary Debtors*

7

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
: 
In re                                                                              :        Chapter 11
                                                                                        :
EVERGREEN GARDENS MEZZ LLC,                              :        Case No. 21-10335 (MG)
                                                                                        :
            Debtor.                                                             :
                                                                                        :
Fed. Tax Id. No. 83-3200416                                        :
---------------------------------------------------------------X
                                                                                        :
In re                                                                              :        Chapter 11
                                                                                        :
EVERGREEN GARDENS I LLC,                                   :        Case No. 21-11609 (MG)
                                                                                        :
            Debtor.                                                             :
                                                                                        :
Fed. Tax Id. No. 83-4652211                                        :
---------------------------------------------------------------X
                                                                                        :
In re                                                                              :        Chapter 11
                                                                                        :
EVERGREEN GARDENS II LLC,                                 :        Case No. 21-11610 (MG)
                                                                                        :
            Debtor.                                                             :
                                                                                        :
Fed. Tax Id. No. 47-2876782                                        :
---------------------------------------------------------------X

**ORDER PURSUANT TO FED. R. BANKR. P. 1015(b)**
**DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion (the "**Motion**"),[1] dated September 14, 2021 [ECF No. [__]], of Evergreen Gardens Mezz LLC ("**EGM**" or the "**Initial Debtor**"), together with Evergreen Gardens I LLC ("**EG I**") and Evergreen Gardens II LLC ("**EG II**" and, together with EG I, the "**Subsidiary Debtors**" and, together with the Initial Debtor, the "**Debtors**"), as debtors and debtors

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order directing the joint administration of the Debtors' related Chapter 11 Cases for procedural purposes only, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the relief requested in the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Ravid Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

          **IT IS HEREBY ORDERED THAT**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors' Chapter 11 Cases are hereby consolidated for procedural purposes only and shall be jointly administered by the Court.

3.      Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Debtors' Chapter 11 Cases.

4. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| EVERGREEN GARDENS MEZZ LLC, *et al.*, | : | Case No. 21-10335 (MG) |
|  | : |  |
| Debtors[1]. | : | (Jointly Administered) |
|  | : |  |
| Fed. Tax Id. No. 83-3200416 | : |  |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782). The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

5. The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk of the Court to reflect the joint administration of the Debtors' Chapter 11 Cases:

> An order has been entered in accordance with Bankruptcy Rule 1015(b) directing the procedural consolidation and joint administration of the of the chapter 11 cases of Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782). The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211. The docket in Case No. 21-10335 (MG) should be consulted for all matters affecting the cases.

6. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2021
       New York, New York

                                                  HONORABLE MARTIN GLENN
                                                UNITED STATES BANKRUPTCY JUDGE