CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 655-6000
Facsimile: (212) 697-7210
Michael Friedman
Stephen R. Tetro II
Aaron Krieger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
**In re**                                                    :    **Chapter 11**
:
**EVERGREEN GARDENS MEZZ LLC**, *et al.*,                    :    Case No. 21-10335 (MG)
:
Debtors.[1]                                                  :    (Joint Administration Pending)
:
------------------------------------------------------------X

## CORRECTED CERTIFICATION OF SERIES E NOTES TRUSTEE REGARDING SOLICITATION OF VOTES FROM SERIES E NOTEHOLDERS ON JOINT CHAPTER 11 PLAN OF EVERGREEN GARDENS I LLC, EVERGREEN GARDENS II LLC, AND EVERGREEN GARDENS MEZZ LLC

1. Giyora Luftig, President and Chief Executive Officer of Mishmeret Trust Company Ltd. ("**Mishmeret**") and Rami Sebty, Vice President of Mishmeret, hereby declare that the following is true and correct to the best of our knowledge, information and belief:

2. We submit this declaration in connection with the solicitation of votes to accept or reject the *Joint Chapter 11 Plan of Evergreen Gardens I LLC, Evergreen Gardens II LLC, and Evergreen Gardens Mezz LLC* (as may be amended, modified, or supplemented from time to time, and together with any schedules and exhibits thereto, the "**Plan**") filed by Evergreen Gardens Mezz

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782). The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

LLC ("**EGM**" or the "**Initial Debtor**"), together with Evergreen Gardens I LLC ("**EG I**") and Evergreen Gardens II LLC ("**EG II**" and, together with EG I, the "**Subsidiary Debtors**" and, together with the Initial Debtor, the "**Debtors**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

3. On August 19, 2021, Mishmeret (the "**Series E Notes Trustee**"), in its capacity as trustee for the notes (the "**Series E Notes**" and the holders of Series E Notes, the "**Series E Noteholders**") issued pursuant to that certain Deed of Trust, dated as of February 4, 2018 (as amended, modified, renewed, or supplemented from time to time, the "**Series E Deed of Trust**"), published a communication to each of the Series E Noteholders scheduling a vote by the Series E Noteholders on certain actions requested by the Subsidiary Debtors (the "**Proposal**"). Specifically, the Proposal requested an affirmative vote by each of the Series E Noteholders to authorize the Series E Notes Trustee to pursue all actions needed to consummate the sale transaction (as described and defined in the Proposal, hereinafter, the "**Sale Transaction**"), including entering into a restructuring support agreement (the "**RSA**") and a term sheet annexed thereto (the "**RSA Term Sheet**"), subject to certain conditions elaborated in the Proposal.

4. As set forth in the Proposal, by voting in favor of the Proposal, each Series E Noteholder would, among other things, (a) provide its consent to the Sale Transaction, (b) provide its consent for the Subsidiary Debtors to file petitions for the Chapter 11 Cases, (c) authorize the Series E Notes Trustee to negotiate and sign all required documents in order to effectuate the authority granted to the Series E Noteholders' representative and the Series E Notes Trustee in accordance with the Proposal and\or to consummate the Sale Transaction including any document and\or required consent in the Chapter 11 Cases, such as the RSA, and any required settlements in accordance with the RSA and\or any amendment to the RSA or such settlements, and (d) authorize the Series E Notes Trustee to vote the secured and unsecured deficiency claims of the Series E Noteholders in favor of a chapter 11 plan for the Subsidiary Debtors on substantially similar terms as those set forth in the RSA Term Sheet (the "**Acceptable Plan**"), subject to the Series E Notes

Trustee's receipt of a disclosure statement and Acceptable Plan that comply with the terms of the RSA, and subject to the conditions mentioned in the Proposal.

5. The Proposal was accompanied by a summary prepared by the Series E Notes Trustee's financial advisor that, among other things, summarized the material economic terms of the RSA and RSA Term Sheet. The Proposal was published to the Series E Noteholders in accordance with the applicable provisions of the Series E Note Documents and applicable Israeli law. A certification to such effect by counsel to the Series E Noteholders, Gornitzky & Co., is attached hereto as **Exhibit A**.

6. The deadline for the Series E Noteholders to respond to the Proposal was scheduled for August 24, 2021 at 5:30 p.m. (prevailing Israel time) (the "**Voting Deadline**"), which date was not less than five (5) days following transmission of the Proposal by the Series E Notes Trustee. Following the expiration of the Voting Deadline, the Series E Notes Trustee tabulated the response received from the Series E Noteholders in accordance with the Series E Note Documents and applicable Israeli law. Under the Series E Deed of Trust, only the votes of Series E Noteholders that actually vote are counted for purposes of tabulating whether a particular action has been approved. The final vote of the Series E Noteholders was as follows:

| Number Accepting | Number Rejecting | Amount Accepting (%) | Amount Rejecting (%) | Class Vote |
|---|---|---|---|---|
| 34 | 4 | 97.24% | 2.76% | Accept/Approve |

7. The total amount of Series E Noteholders that voted to approve the Proposal and instruct the Series E Notes Trustee in accordance with the Proposal, subject to the conditions thereto, represents approximately 84% of the total face amount of the Series E Notes. Under the applicable provisions of the Series E Note Documents, the Series E Noteholders overwhelmingly voted to approve the RSA and authorized and directed the Series E Notes Trustee to vote their claims in favor of the Acceptable Plan, subject to receipt by the Series E Notes Trustee of a disclosure statement and Acceptable Plan that comply with the terms of the RSA.

8. For the avoidance of doubt, the Plan summarized in the disclosure statement received by the Series E Notes Trustee on September 14, 2021 constitutes an Acceptable Plan.

Name: Rani Sethy      Giyora Loftey
Title:       VP            President and CEO

## Exhibit A

**Certification of Gornitzky & Co.**

# CERTIFICATION OF GORNITZKY & CO., AS COUNSEL TO SERIES E NOTES TRUSTEE

1. I am a Partner in the law firm of Gornitzky & Co, a Tel Aviv based law firm specializing in restructuring and insolvency.

2. I have reviewed the Certification of Series E Notes Trustee (the "**Trustee Certification**") to which this certification is attached as **Exhibit A**.[2]

3. Pursuant to Section 33 of the Series E Deed of Trust, the Series E Deed of Trust and other documents governing the issuance, terms, conditions, and obligations of the Series E Notes (collectively, the "**Series E Note Documents**") are governed by Israeli law.

4. I certify, in my capacity as counsel to the Series E Notes Trustee, that the solicitation of votes on the Proposal was made in accordance with the provisions of the Series E Note Documents, Israeli securities law, and otherwise applicable Israeli law. The authorizations in the Proposal included, *inter alia*, the authorization of the Series E Notes Trustee to vote the secured and unsecured deficiency claims of the Series E Noteholders in favor of a chapter 11 plan for the Subsidiary Debtors on substantially similar terms as those set forth in the RSA Term Sheet (the "**Acceptable Plan**"), subject to the Series E Notes Trustee's receipt of a disclosure statement and Acceptable Plan that comply with the terms of the RSA and subject to the conditions mentioned in the Proposal.

                 _____
                 Name: Kfir Yadgar
                 Title: Partner

---

[2] Capitalized terms used but not herein defined have the meanings ascribed to them in the Trustee Certification.