UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
In re                                                      :   Chapter 11
:
EVERGREEN GARDENS MEZZ LLC, *et al.*,   :   Case No. 21-10335 (MG)
:
Debtors.[1]                                           :   (Jointly Administered)
:
------------------------------------------------------------X

### FINAL ORDER (I) AUTHORIZING AND APPROVING BID PROTECTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion, dated September 14, 2021 [ECF Doc. # 78] (the "Motion"),[2] of Evergreen Gardens Mezz LLC ("EGM" or the "Initial Debtor"), together with Evergreen Gardens I LLC ("EG I") and Evergreen Gardens II LLC ("EG II" and, together with EG I, the "Subsidiary Debtors" and, together with the Initial Debtor, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant to sections 105(a), 363 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of interim and final orders (i) authorizing and approving the terms for the proposed payment of the Break-Up Fee and Expense Reimbursement (each as defined below and, collectively, the "Bid Protections") in connection with a sale of all or substantially all of the Subsidiary Debtors' assets pursuant to that certain Agreement of Purchase and Sale dated August 2, 2021 (as amended by that certain first amendment, dated August 19, 2021, that certain second amendment,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782). The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the Purchase Agreement, as applicable.

dated September 1, 2021, and as may be further modified, amended, or supplemented from time to time, and together with all schedules and exhibits thereto, the "Purchase Agreement"), by and among the Subsidiary Debtors and Atlas Capital Group, LLC (the "Purchaser"), and (ii) granting related relief, all as more fully set forth in the Motion; and upon the supplement to the Motion, dated September 22, 2021 [ECF Doc. # 105]; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "Interim Hearing"); and upon the record of the Interim Hearing; and the Court having entered an order approving the Motion on an interim basis [ECF Doc. # 109]; and no responses or objections to final approval of the Motion having been filed or received by the Debtors; and a certificate of no objection to final approval of the relief requested in the Motion and entry of this final order (the "Final Order") having been filed [ECF Doc. # 126]; and the Court having determined that the legal and factual bases set forth in the Motion, the Ravid Declaration, the Hwang Declaration, and the Manning Declaration establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A.  <u>Jurisdiction and Venue</u>.  Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has jurisdiction to consider the relief

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

requested in accordance with 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

    B.  <u>Bid Protections</u>.  The Purchase Agreement provides for the following Bid Protections: <u>First</u>, a termination payment in the amount of $20,000,000.00 (the "Break-Up Fee") payable to Purchaser in the event: (i) the Purchase Agreement is terminated by Sellers following their election to exercise their fiduciary duties and the Properties are sold to a person other than Purchaser; (ii) the Purchase Agreement is terminated by Sellers in the event the Properties are sold or disposed to a person or entity other than Purchaser pursuant to an order of the Court approving such sale or disposition or confirming a plan of reorganization that effects such sale or disposition; (iii) Sellers perform a Sellers-Prohibited Act; and/or; (iv) if (A) either the Interim Bid Protections Order or Final Bid Protections Order is entered, (B) the Purchase Agreement is terminated by Sellers to consummate an Alternate Transaction, and (C) such Alternate Transaction is fully-consummated.  <u>Second</u>, the reimbursement of reasonable costs and expenses (including reasonable attorneys' fees) incurred in connection with Purchaser's due diligence, negotiation, and entry into the Purchase Agreement not to exceed $150,000.00 (the "Expense Reimbursement") payable to Purchaser if the Purchase Agreement is terminated by: (i) Purchaser due to Sellers' breach of any covenant or agreement required to be performed by Sellers thereunder and the Closing does not occur by reason thereof; (ii) Purchaser if the Interim Bid Protections Order or Final Bid Protections Order are not entered by the Court as, when and how required; (iii) either Purchaser or Sellers if (A) the Conditions to Closing (as defined in the Purchase Agreement) are not satisfied or waived in accordance with the Purchase Agreement; or (B) the Closing does not occur by the Outside Date (other than as set forth in Section 35.1(b), (c), (d)(i) or (d)(ii) of the Purchase Agreement); (iv) either Purchaser or Sellers if (A) the Final Bid Protections Order is

3

entered and (B) the Court does not enter the Confirmation Order by the Outside Date; (v) either Purchaser or Sellers if (A) the Bid Procedures Order is entered and (B) the Court directs an auction to be held, and Purchaser does not permit the Purchase Agreement to remain as a stalking horse contract; or (vi) either Purchaser or Sellers, if Sellers do not obtain Series E Bondholder Approval or the Executed RSA as and when required in accordance with the Purchase Agreement.  The Bid Protections are reasonable and appropriate and represent the best method for maximizing the value of the Subsidiary Debtors' estates.

   C. <u>Adequate Notice</u>.  Due and proper notice of the relief requested in the Motion and a reasonable opportunity to object or be heard regarding the relief granted herein has been afforded to all parties in interest in these Chapter 11 Cases.

   D. <u>Relief is Warranted</u>.  The Debtors have articulated good and sufficient reasons for approving the Bid Protections and the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT**

   1. The Motion is granted on a final basis to the extent set forth herein.

   2. The Bid Protections, on the terms set forth in the Purchase Agreement, are approved on a final basis.  The Subsidiary Debtors are hereby authorized to pay in cash any amounts owed to the Purchaser on account of the Break-Up Fee and the Expense Reimbursement in accordance with the terms of the Purchase Agreement without further action or order by the Court.

   3. If payable, the Break-Up Fee and Expense Reimbursement shall constitute allowed administrative expenses pursuant to section 503(b) of the Bankruptcy Code.

4.  Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

5.  Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

6.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

7.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.

**IT IS SO ORDERED.**

Dated: October 4, 2021
      New York, New York

                                                      /s/ Martin Glenn
                                                      MARTIN GLENN
                                        United States Bankruptcy Judge