Presentment Date and Time: November 1, 2021 at 10:00 a.m. (Eastern Time)
Objection Deadline: October 29, 2021 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objection Filed): November 1, 2021 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Initial Debtor and*
*Proposed Attorneys for the Subsidiary Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                    :

**In re**                                                   :        **Chapter 11**

**EVERGREEN GARDENS MEZZ LLC,** *et al.***,**  :        **Case No. 21-10335 (MG)**

                   Debtors.[1]                    :        **(Jointly Administered)**

------------------------------------------------------------X

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER**
**ALLOWING CLAIM OF SMART MANAGEMENT NY, INC.**

**PLEASE TAKE NOTICE** that Evergreen Gardens Mezz LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation and Order Allowing Claim of Smart Management NY, Inc.* (the "**Stipulation**") to the Honorable Martin Glenn, United States Bankruptcy Judge, for signature on **November 1, 2021 at 10:00 a.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit 1**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782). The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Martin Glenn, so as to be received by **October 29, 2021 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Stipulation, and the Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, only if a written objection is timely filed and served with respect to the Stipulation, a hearing will be held on November 1, 2021 (the "**Hearing**") to consider the Stipulation before the Honorable Judge Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 523, One Bowling Green, New York, New York, 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: October 22, 2021
       New York, New York

/s/ *Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Initial Debtor and*
*Proposed Attorneys for the Subsidiary Debtors*

# Exhibit 1

**Stipulation and Order**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Initial Debtor and*
*Proposed Attorneys for the Subsidiary Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
: 
In re                                                : Chapter 11
:
**EVERGREEN GARDENS MEZZ LLC,** *et al.*,            : Case No. 21-10335 (MG)
:
Debtors.[1]                                          : (Jointly Administered)
:
---------------------------------------------------------------X

**STIPULATION AND ORDER ALLOWING CLAIM OF**
**SMART MANAGEMENT NY, INC.**

This Stipulation and Order (the "**Stipulation**") is entered into by and among Evergreen Gardens I LLC ("**EG I**"), Smart Management NY, Inc. ("**Smart Management**"), MREF REIT Lender 9 LLC (the "**Mezzanine Lender**", and together with EG I and Smart Management, the "**Parties**"), and, with respect to paragraph 7 only, All Year Management NY Inc. (the "**Specified Party**"). The Parties and the Specified Party, as applicable, hereby stipulate and agree as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782). The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

## RECITALS

A.  On February 22, 2021, Evergreen Gardens Mezz LLC ("**EGM**") commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  On September 14, 2021 (the "**Subsidiary Debtor Petition Date**"), EG I and Evergreen Gardens II LLC ("**EG II**" and, together with EG I, the "**Subsidiary Debtors**" and, together with EGM, the "**Debtors**") commenced their own voluntary cases under chapter 11 of the Bankruptcy Code with the Court.

B.  On the Subsidiary Debtor Petition Date, the Debtors filed the *Joint Chapter 11 Plan of Evergreen Gardens I LLC, Evergreen Gardens II LLC, and Evergreen Gardens Mezz LLC*, dated September 13, 2021 [ECF No. 70] (as may be modified, amended, or supplemented from time to time, and together with all exhibits and schedules thereto, the "**Plan**")[1] together with a disclosure statement in support thereof [ECF No. 71] (as may be modified, amended, or supplemented from time to time, and together with all exhibits and schedules thereto, the "**Disclosure Statement**").

C.  EG I and Smart Management are parties to that certain management agreement dated as of February 12, 2019 (as amended or supplemented from time to time, the "**Agreement**")[2] pursuant to which Smart Management has provided management services to the Denizen X, a residential building owned by EG I.  On July 19, 2021, in accordance with the terms of the Agreement, EG I provided notice of termination of the Agreement to Smart Management effective as of April 19, 2022 (the "**Termination Date**").

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[2]  In early 2021, Smart Management assumed management responsibilities under the Agreement from All Year Management NY Inc.

2

D. Pursuant to Section 10.1(b) of the Plan, "[a]s of and subject to the occurrence of the Effective Date, all executory contracts and unexpired leases to which either of the Subsidiary Debtors is a party shall be deemed rejected, unless such contract or lease (i) was previously assumed or rejected by the Subsidiary Debtors pursuant to an order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Subsidiary Debtors on or before the Confirmation Date; (iv) is identified in Section 10.4 of the Plan; or (v) is a Tenant Lease identified on the Assumption Schedule included in the Plan Supplement." Given that EG I will not continue operating the Denizen X after the Effective Date, EG I intends to reject the Agreement as of the Effective Date of the Plan. Nevertheless, EG I desires to utilize Smart Management to manage the Denizen X until the Effective Date.

E. As a condition to providing continued services to EG I under the Agreement until the Effective Date, Smart Management has requested the entry of this Stipulation among the Parties approving the rejection of the Agreement as of the Effective Date and allowing the rejection damage claim of Smart Management arising from the rejection of the Agreement in the amount specified herein.

F. Section 4(a)(v) of the RSA requires the Debtors to obtain consent from the Mezzanine Lender prior to the entry of any stipulation or agreement with any claimant liquidating any claim against EG I.

G. The Parties have agreed that the Allowed Class 4 Claim shall be allowed on the terms set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL IT SHALL BE ORDERED, AS FOLLOWS:**

1. This Stipulation shall be effective upon the date that the order approving this

Stipulation is entered by the Bankruptcy Court (the "**Approval Date**").

2. Smart Management acknowledges that (a) the Agreement is a valid and enforceable contract subject to termination on the Termination Date, (b) Smart Management is a party to the Agreement and is bound to the terms thereof, (c) Smart Management shall continue rendering services to EG I in accordance with the Agreement through the Effective Date, and (d) EG I provided sufficient notice of termination on July 19, 2021 in accordance with the terms of the Agreement, and, absent the rejection of the Agreement by EG I, the Agreement would have terminated on the Termination Date. In addition, Smart Management agrees to withdraw the *Smart Management NY, Inc.'s Reservation of Rights Regarding Debtors' Joint Chapter 11 Plan* [ECF No. 156] and shall not file any further objections to the Plan, the rejection of the Agreement, or any proofs of claim or other pleadings or documents in connection with the Agreement or the Plan, other than as specifically provided herein.

3. Upon the Effective Date of the Plan, Smart Management shall have an Allowed Claim against EG I in Class 4 under the Plan in an amount calculated as follows:

(i) **Number of Days from the day after the Effective Date to the Termination Date** x Monthly Contract Rate[3] x $\frac{12}{365}$

*plus*, (ii) unpaid amounts due under the Agreement, if any, at the Monthly Contract Rate for the period from August 1, 2021 until the Subsidiary Debtor Petition Date, in an amount not to exceed $73,788 (collectively, the "**Allowed Class 4 Claim**").

4. Immediately following the entry of the Confirmation Order by the Bankruptcy Court, EG I shall provide the Mezzanine Lender with access to all historical books and records relating to any (i) mechanics' liens, (ii) scheduled claims, and (iii) filed proofs of claims. EG I

---

[3] Pursuant to the Agreement, the "**Monthly Contract Rate**" is calculated as $110 multiplied by the number of units at the Denizen X (468), resulting in a Monthly Contract Rate of $51,480.

and Smart Management agree that immediately prior to the Effective Date, they will provide access to all historical books and records of EG I and the Denizen X to the Mezzanine Lender and the Plan Administrator of Post-Effective Date EGM.

5. On the Approval Date, Smart Management shall be deemed to agree and acknowledge that the Agreement shall be rejected as of the Effective Date, and Smart Management shall have no further claims against EG I, Post-Effective Date EGM, or the Mezzanine Lender, except for (a) the Allowed Claim, and (b) any claim for unpaid amounts due under the Agreement at the Monthly Contract Rate for the period after the Subsidiary Debtor Petition Date through the Effective Date (the "**Smart Management Post-Petition Claim**"). The Allowed Class 4 Claim and the Smart Management Post-Petition Claim, if any, shall be paid in full, in cash, on the Effective Date of the Plan.

6. On the Approval Date, Smart Management shall withdraw *Smart Management NY, Inc.'s Reservation of Rights Regarding Debtors' Joint Chapter 11 Plan* [ECF No. 156] and shall not file any further objections to the Plan, the rejection of the Agreement, or any proofs of claim or other pleadings or documents in connection with the Agreement or the Plan, other than as specifically provided herein.

7. The Specified Party acknowledges and agrees that, as of the Approval Date, the Specified Party waives any rights it may have to claims in connection with, arising from, or related to the Agreement, and shall not file any proofs of claim or other pleadings or documents in connection with the Agreement or the Plan.

8. This Stipulation shall bind the Parties and each of their successors in interest, and assigns, including, without limitation, any wind down estate or trustee in bankruptcy.

9. The Parties are authorized to take all reasonable actions necessary or appropriate to effectuate the provisions of this Stipulation.

10. Nothing contained in this Stipulation shall be construed, applied, or interpreted to change the terms of the Plan in any respect.

11. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

13. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of the Parties hereto or by order of the Bankruptcy Court.

15. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

16. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: October 22, 2021
      New York, New York

By: /s/ *Samuel S. Kohn*
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9205
Facsimile: (212) 953-7201
Samuel S. Kohn
Alessandra Glorioso

*Attorneys for Smart Management NY, Inc.*

By: /s/ *Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Jacqueline Marcus
Matthew P. Goren

*Attorneys for the Initial Debtor and Proposed Attorneys for the Subsidiary Debtors*

**With Respect to Paragraph 7 Only:**

By: /s/ *Israel David Friedman*
Israel David Friedman
Title: Officer
All Year Management NY Inc.
199 Lee Avenue, #693
Brooklyn, NY 11211

By: /s/ *Kizzy L. Jarashow*
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8840
Facsimile: (212) 409-8404
Kizzy L. Jarashow

*Attorneys for the Mezzanine Lender*

**SO ORDERED:**

Dated: _____, 2021
      New York, New York

 

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE