**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
Brendan M. Scott
Christopher Reilly

*Attorneys for Tracy L. Klestadt in his capacity as*
*Court Appointed Plan Administrator for Post-Effective*
*Date Evergreen Gardens Mezz LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
                                                          :
**In re**                                                  :     **Chapter 11**
                                                          :
**EVERGREEN GARDENS MEZZ LLC,** *et al.*    :     **Case No. 21-10335 (MG)**
                                                          :
                **Debtors.¹**                              :
                                                          :
                                                          :
                                                          :
-----------------------------------------------------------X

**POST-EFFECTIVE DATE EGM PLAN ADMINISTRATOR'S SECOND OMNIBUS**
**OBJECTION TO  (I) PROOFS OF CLAIM FILED AGAINST WRONG DEBTOR,**
**(II) DUPLICATIVE PROOFS OF CLAIM AND (III) CLAIMS THAT WERE**
**AMENDED BY SUBSEQUENTLY FILED PROOFS OF CLAIM**

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME AND**
**CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

Tracy L. Klestadt, in his capacity as court appointed Plan Administrator the ("EGM Plan

Administrator") for Post-Effective Date Evergreen Gardens Mezz LLC ("EGM") in these chapter

11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, submits this omnibus

objection (the "Objection") to the claims (i) listed in the annexed Exhibit A attached hereto

---

¹ The debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification
number, as applicable, are Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen
Gardens II LLC (6782) (collectively the "Debtors").  The Debtors' principal offices are located at 199 Lee Avenue,
Suite 693, Brooklyn, New York 11211.

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME
AND CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

(collectively, the "Wrong Debtor Claims") filed by the corresponding claimants (the "Wrong Debtor Claimants"), (ii) the claims listed in the annexed Exhibit B (collectively, the "Duplicate Claims") filed by the corresponding claimants (the "Duplicate Claim Claimants"), and (iii) the claims listed in the annexed Exhibit C (collectively, the "Amended Claims", and together with the Wrong Debtor Claims and the Duplicate Claims, the "Claims") filed by the corresponding claimants (collectively, the "Amended Claim Claimants", and together with the Wrong Debtor Claimants and the Duplicate Claims, the "Claims") and respectfully states as follows:

## CASE BACKGROUND

1.      On February 22, 2021 (the "Initial Debtor Petition Date"), Evergreen Gardens Mezz LLC ("EGM") commenced a voluntary proceeding under chapter 11 of the Bankruptcy Code with this Court.  On September 14, 2021 (the "Subsidiary Debtors Petition Date", and together with the Initial Debtor Petition Date, each a "Petition Date"), Evergreen Gardens I, LLC ("EG I") and Evergreen Gardens II, LLC ("EG II" and, together with EG I, the "Subsidiary Debtors") commenced their own voluntary proceedings under chapter 11 of the Bankruptcy Code.

2.      On November 5, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Debtors' (A) Disclosure Statement, (B) Procedures for the Solicitation and Tabulation of Votes, and (C) Forms of Ballots and Related Notices, and (II) Confirming Amended Joint Chapter 11 Plan of Evergreen Gardens I LLC, Evergreen Gardens II LLC, and Evergreen Gardens Mezz LLC* [ECF No. 222] (the "Confirmation Order"), approving, among other things, the terms of the *Amended Joint Chapter 11 Plan of Evergreen Gardens I LLC,*

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME
AND CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

*Evergreen Gardens II LLC, and Evergreen Gardens Mezz LLC*, dated October 28, 2021 [ECF No. 187] (the "Plan").

3.       The Effective Date of the Plan occurred on December 2, 2021.  *See Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Evergreen Gardens I LLC, Evergreen Gardens II LLC, and Evergreen Gardens Mezz LLC, and (II) Occurrence of Plan Effective Date* [ECF No. 275].

4.       On October 6, 2021, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order") [Docket No. 133] fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim against the Debtors and their estates pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3) and approving the form and manner of service thereof.  The Bar Date Order fixed November 12, 2021, at 5:00 p.m. (EST) as the Bar Date for the filing of all claims which arose against (i) the Initial Debtor (EGM), on or prior to the Initial Debtor Petition Date; or (ii) the Subsidiary Debtors (EG I and EG II), on or prior to the filing of the Subsidiary Debtors Petition Date.  In addition, the Bar Date Order and the corresponding Bar Date Notice approved by the Court provides in part as follows:

> Proofs of claim must specify by name and case number the Debtor against which the claim is filed. If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Claim Form must be filed with respect to each Debtor. If the holder lists multiple Debtors on the Proof of claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor. If the holder files a proof of claim without identifying a Debtor, such proof of claim will be deemed as filed only against the Initial Debtor (EGM).

5.       The Bar Date Notice and a proof of claim form personalized to show name and address, claim classification and amount, and the manner in which each creditor was scheduled in

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME
AND CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

the Debtor's cases were mailed to the creditors listed in the affidavit of service filed at Dkt. No.

155. Further, the Bar Date Notice was published in both <u>The New York Times</u> and <u>Haaretz Daily</u>

<u>Newspaper</u>. *See* Case Dkt. Nos 149 & 163.  Notably, the Bar Date Notice identified each of the

Debtors along with their respective bankruptcy case number.

6.      On December 7, 2021, the Bankruptcy Court entered *Order Establishing Deadline*

*for Filing Requests for Payment of Administrative Expense Claims and Procedures Relating*

*Thereto and App*roving the Form and Manner of Notice Thereof ("<u>Administrative Dar Date</u>

<u>Order</u>") fixing the deadline ("<u>Administrative Bar Date</u>") and establishing procedures for filing

requests for payment of administrative expense claims against the Debtors and their estates and

approving the form and manner of service thereof.  The Administrative Bar Date Order fixed

January 24, 2022, at 5:00 p.m. as the Administrative Bar Date for the filing of a requests for

payment of administrative expense claims against the Debtors.  The Administrative Bar Date Order

provides in part as follows:

> Administrative Expense Proofs of Claim must specify by name and case number
> the Debtor against which the Administrative Expense Claim is filed. If the holder
> asserts an Administrative Expense Claim against more than one Debtor or has
> claims against different Debtors, a separate Administrative Expense Claim Form
> must be filed with respect to each Debtor. If the holder lists multiple Debtors on its
> Administrative Expense Proof of Claim, then the Debtors will treat such claim as
> if it is filed against the first listed Debtor. If the holder files an Administrative
> Expense Proof of Claim without identifying a Debtor, such proof of claim will be
> deemed as filed only against the Initial Debtor (EGM), as the lead debtor in these
> Chapter 11 Cases.

7.      The Administrative Bar Date Notice and a proof of claim form were mailed to the

creditors listed in the affidavit of service filed at Dkt. No. 281. Further, the Administrative Bar

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME
AND CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

Date Notice was published in both <u>The New York Times</u> and <u>Haaretz Daily Newspaper</u>. *See* Case

Dkt. Nos 301 and 323.

## <u>RELIEF REQUESTED</u>

8.    By this Objection, the EGM Plan Administrator requests entry of an order

expunging each of the Claims in their entirety.

9.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a).    Upon an objection, the claimant has the burden to demonstrate the validity

of the claim. See <u>Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC</u>), 15 CV.

3248 (KPF), 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); <u>In re Arcapita Bank B.S.C.(c)</u>, No.

12– 11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), aff'd. sub nom. <u>In</u>

<u>re Arcapita Bank B.S.C. (c)</u>, 508 B.R. 814 (S.D.N.Y. 2014); <u>In re Motors Liquidation Co.</u>, Nos.

09-50026 (REG), 11 CV. 8444 (RJS), 2012 WL 1886755, at *3 (S.D.N.Y. May 21, 2012)<u>; In re</u>

<u>Oneida, Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd., No. 09 CV. 2229 (DC), 2010 WL

234827, at *5 (S.D.N.Y. Jan. 22, 2010).

10.    "Pursuant to Bankruptcy Code section 101, a creditor holds a claim against a

debtor's estate only to the extent that it has a "right to payment" for the asserted liability." <u>In re</u>

<u>Residential Capital</u>, LLC, 2014 WL 642585 *5 citing 11 U.S.C. § 101(5). "Likewise, Bankruptcy

Code section 502(b)(1) provides, in relevant part, that the Court shall allow a claim except to the

extent that "such claim is unenforceable against the debtor and property of the debtor, under any

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME
AND CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

agreement or applicable law for a reason other than because such claim is contingent or unmatured." Id. citing 11 U.S.C. § 502(b)(1).

11.     The Wrong Debtor Claimants each filed a claim against EGM. Yet the supporting documentation annexed to each Proof of Claim relates to EG I or EG II, and there is no explanation as to why the Wrong Debtor Claims can be properly asserted against EGM.  Notably, EGM was merely a holding company that owned the equity interests in EG I, did not have business operations and had no unsecured creditors. See Declaration of Joel Biran Pursuant to Local Bankruptcy Rule 1007-2, ¶¶ 12 and 22 and Schedule 2 [DE 3].

12.     The Bankruptcy Court-approved Bar Date Notice ("Bar Date Notice") in these cases specifically directed:

> IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR OR HAVE CLAIMS AGAINST DIFFERENT DEBTORS, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. IF YOU LIST MULTIPLE DEBTORS ON YOUR PROOF OF CLAIM, THEN THE DEBTORS WILL TREAT SUCH CLAIM AS IF IT IS FILED AGAINST THE FIRST LISTED DEBTOR. IF YOU FILE A PROOF OF CLAIM WITHOUT IDENTIFYING A DEBTOR, SUCH PROOF OF CLAIM WILL BE DEEMED AS FILED ONLY AGAINST THE INITIAL DEBTOR (EGM).

13.     The Bar Date Notice further provides that:

> ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 3 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME
AND CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH
CLAIM.

14.     The Bankruptcy Court approved Administrative Bar Date Notice ("Administrative

Bar Date Notice") specifically directed that:

> IF YOU ARE ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM
> AGAINST   MORE   THAN   ONE   DEBTOR   OR   HAVE
> ADMINISTRATIVE EXPENSE CLAIMS AGAINST DIFFERENT
> DEBTORS, SEPARATE ADMINISTRATIVE EXPENSE PROOFS OF
> CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU
> MUST IDENTIFY ON YOUR ADMINISTRATIVE EXPENSE PROOF
> OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR
> CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT
> DEBTOR'S CHAPTER 11 CASE. IF YOU LIST MULTIPLE DEBTORS
> ON YOUR ADMINISTRATIVE EXPENSE PROOF OF CLAIM, THEN
> THE DEBTORS WILL TREAT SUCH CLAIM AS IF IT IS FILED
> AGAINST THE FIRST LISTED DEBTOR. IF YOU FILE A PROOF OF
> CLAIM WITHOUT IDENTIFYING A DEBTOR, SUCH PROOF OF
> CLAIM WILL BE DEEMED AS FILED ONLY AGAINST THE INITIAL
> DEBTOR (EGM). A LIST OF THE NAMES OF THE DEBTORS AND
> THEIR CASE NUMBERS IS SET FORTH ABOVE.

15.     The Administrative Bar Date Notice further provides that:

> ANY HOLDER OF AN ADMINISTRATIVE EXPENSE CLAIM THAT
> IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE
> ADMINISTRATIVE EXPENSE BAR DATE ORDER, AS SET FORTH
> IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE AN
> ADMINISTRATIVE EXPENSE PROOF OF CLAIM IN THE
> APPROPRIATE FORM SHALL **NOT** BE TREATED AS A CREDITOR
> WITH RESPECT TO SUCH CLAIM FOR THE PURPOSE OF
> PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS'
> CASES ON ACCOUNT OF SUCH CLAIM AND SHALL BE FOREVER
> BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH
> CLAIM   AGAINST   THE   DEBTORS,   THE   POST-EFFECTIVE
> DEBTORS, THE PLAN ADMINISTRATORS AND THEIR PROPERTY.

16.     Each of the Wrong Debtor Claimants was required to file their respective proof of

claim against the appropriate Debtor, but failed to do so. Instead, the Wrong Debtor Claimants

each improperly filed their proof of claim against EGM - a Debtor entity that was merely a holding

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME
AND CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

company with no business operations, no creditors other than its mezzanine lender and no privity

with the Wrong Debtor Claimants. Accordingly, the Wrong Debtor Claims are not enforceable

against EGM, and the Court should disallow and expunge the Wrong Debtor Claims.

17.    In addition to the above, the EGM Plan Administrator cannot be required to pay on

the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg,

Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple

recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will

enable the EGM Plan Administrator to maintain a more accurate claims register.

18.    In analyzing the claims register, the EGM Plans Administrator has identified certain

Duplicate Claims  that are exact duplicates of other claims. Specifically, the Duplicate Claims were

filed by the Duplicate Claim Claimants, on account of the same obligations as other filed claims.

In order to avoid the possibility of a creditor receiving multiple recoveries on its claim, the EDM

Plan Administrator requests that the Court disallow and expunge in their entirety the Duplicate

Claims identified on Exhibit B.

19.    Finally, the EGM Plan Administrator seeks the disallowance and expungement of

the Amended Claims identified on the annexed Exhibit C, which were subsequently amended by

later filed proof of claims.  If the Amended Claims are not expunged from the claims register, the

Amended Claim Claimants would be able to recover twice on account of the same claim.

## RESERVATION OF RIGHTS

20.    The EGM Plan Administrator reserves the right to further amend, supplement,

revise, object or otherwise respond to the Claims on any and all additional factual or legal grounds

relevant to the Claims, and, without limiting the foregoing, to (i) amend the Objection; (ii) adjourn

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME
AND CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

any hearing scheduled on the Objection; (iii) file additional papers in support of the Objection; and

(iv) take all other appropriate actions to (A) respond to any allegation or defense that may be raised

in a response filed by or on behalf of Claimants or other party-in-interest, (B) further object to the

Claim in the event that Claimants provides (or attempts to provide) additional documentation or

substantiation of its Claim, and/or (C) further object to the Claim based on additional grounds.

## <u>NOTICE</u>

21.    Notice of this Objection has been provided to: (i) the Claimants at the address listed

on the Claims, and (ii) the Office of the United States Trustee for the Southern District of New

York.  The Trustee submits such notice is sufficient for the relief requested and that no other or

further notice need be provided.

**WHEREFORE**, the EGM Plan Administrator respectfully requests that this Court (a)

enter an order granting the relief requested herein, substantially in the form attached hereto as

<u>Exhibit D</u>, and (b) grant the EGM Plan Administrator such other relief as the Court deems just and

proper.

Dated:  February 18, 2022
   New York, New York

        Respectfully submitted,

        **KLESTADT WINTERS JURELLER
        SOUTHARD & STEVENS, LLP**

        By: *<u>/s/ Tracy L. Klestadt</u>*
        Tracy L. Klestadt
        Brendan M. Scott
        Christopher Reilly
        200 West 41st Street, 17th Floor
        New York, NY 10036-7203
        Telephone: (212) 972-3000
        Facsimile: (212) 972-2245
        *<u>tklestadt@klestadt.com</u>*
        *<u>bscott@klestadt.com</u>*

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAME
AND CLAIM HEREIN AND ON THE ANNEXED EXHIBITS A, B AND C**

*creilly@klestadt.com*

*Attorneys for Tracy L. Klestadt in his capacity
as Court Appointed Plan Administrator for
Post-Effective Date Evergreen Gardens Mezz
LLC*

# **<u>Exhibit A</u>**

| Creditor Name | Claim Number | Alleged Priority | Debtor Name | Claim Amount | Basis for Objection |
|---|---|---|---|---|---|
| A OSTREICHER CONSTRUCTION CORP | 123 | Secured | EVERGREEN GARDENS MEZZ LLC | $204,161.53 | Claim Filed Against Wrong Debtor |
| ALL YEAR HOLDINGS LIMITED | 143 | Administrative | EVERGREEN GARDENS MEZZ LLC | Unliquidated | Claim Filed Against Wrong Debtor |
| AMES, CHRISTINA M | 76 | Priority | EVERGREEN GARDENS MEZZ LLC | $46,750.60 | Claim Filed Against Wrong Debtor |
| AMES, CHRISTINA M | 142 | Administrative | EVERGREEN GARDENS MEZZ LLC | $8,700.00 | Claim Filed Against Wrong Debtor |
| ARGO PARTNERS/LEVERAGE BUILDERS GROUP INC | 53 | Secured | EVERGREEN GARDENS MEZZ LLC | $34,024.34 | Claim Filed Against Wrong Debtor |
| CATALA, JACLYN | 68 | Priority | EVERGREEN GARDENS MEZZ LLC | $3,200.00 | Claim Filed Against Wrong Debtor |
| DAVIS, SHAKEIA | 43 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $15,152.00 | Claim Filed Against Wrong Debtor |
| GREEN FOOD SOLUTIONS | 130 | Administrative | EVERGREEN GARDENS MEZZ LLC | $8,050.00 | Claim Filed Against Wrong Debtor |
| HACK, CHARLES | 69 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $3,750.00 | Claim Filed Against Wrong Debtor |
| ISSEKS BROS INC | 122 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $25,117.01 | Claim Filed Against Wrong Debtor |
| KRAMER LEVIN NAFTALIS AND FRANKEL LLP | 81 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $32,079.28 | Claim Filed Against Wrong Debtor |
| LOVELY, TAYLOR | 22 | Priority | EVERGREEN GARDENS MEZZ LLC | $2,700.00 | Claim Filed Against Wrong Debtor |
| NYC- DEPT OF FINANCE | 136 | Administrative | EVERGREEN GARDENS MEZZ LLC | $927,563.78 | Claim Filed Against Wrong Debtor |
| ROTAVELE BROOKLYN CONSTRUCTION INC | 106 | Secured | EVERGREEN GARDENS MEZZ LLC | $34,540.00 | Claim Filed Against Wrong Debtor |
| ROTAVELE ELEVATOR CONSTRUCTION INC | 107 | Secured | EVERGREEN GARDENS MEZZ LLC | $359,093.08 | Claim Filed Against Wrong Debtor |
| ROTAVELE ELEVATOR SVC INC | 141 | Administrative | EVERGREEN GARDENS MEZZ LLC | $13,153.18 | Claim Filed Against Wrong Debtor |
| VERIZON BUSINESS GLOBAL LLC | 23 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $1,409.66 | Claim Filed Against Wrong Debtor |
| YOEL GOLDMAN AND ALL YEAR MANAGEMENT NY INC | 105 | Secured | EVERGREEN GARDENS MEZZ LLC | Unliquidated | Claim Filed Against Wrong Debtor |
| YOEL GOLDMAN AND ALL YEAR MANAGEMENT NY INC | 105 | Unsecured | EVERGREEN GARDENS MEZZ LLC | Unliquidated | Claim Filed Against Wrong Debtor |

# Exhibit B

| Creditor Name | Claim Number | Alleged Priority | Debtor Name | Claim Amount | Basis for Objection |
|---|---|---|---|---|---|
| AMES, CHRISTINA M | 76 | Priority | Evergreen Gardens Mezz LLC | $46,750.60 | Duplicate of Claim 74 filed against Evergreen Gardens II LLC |
| AMES, CHRISTINA M | 142 | Administrative | Evergreen Gardens Mezz LLC | $8,700.00 | Duplicate of Claim 140 filed against Evergreen Gardens II LLC |
| GREEN FOOD SOLUTIONS | 130 | Adminisrtrative | Evergreen Gardens Mezz LLC | $8,050.00 | Duplicate of Claim 129 filed against Evergreen Gardens I LLC |
| KIRAKOSSIAN, HASMIK | 67 | Secured | Evergreen Gardens I LLC | $1,092.00 | Duplicate of Claim 66 filed against Evergreen Gardens I LLC |
| MPI PLUMBING CORP. | 20 | Secured | Evergreen Gardens I LLC | $635,502.44 | Duplicate of Claim 19 filed against Evergreen Gardens  I LLC |
| PBS SVC INC. | 147 | Administrative | Evergreen Gardens I LLC | $6,347.72 | Duplicate of Claim 98 filed against Evergreen Gardens I LLC |

# Exhibit C

| Creditor Name | Claim Number | Alleged Priority | Debtor Name | Claim Amount | Basis for Objection |
|---|---|---|---|---|---|
| BIG APPLE DESIGNERS INC | 60 | Secured | Evergreen Gardens I LLC | $2,837,315.21 | Amended by Claim 61 filed against Evergreen Gardens I LLC |
| MPI PLUMBING CORP. | 17 | Secured | Evergreen Gardens I LLC | $635,502.44 | Amended by Claim  19 filed against Evergreen Gardens  I LLC |
| SECURITY SHIELD USA INC | 12 | Secured | Evergreen Gardens I LLC | 72,470 | Amended by Claim 13 filed against Evegreen Gardens I LLC |
| SUPREME WOOD FLOORS INC | 3 | Secured | Evergreen Gardens I LLC | $230,033.75 | Amended by Claim 31 filed against Evergreen Gardens I LLC |

# Exhibit D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re                                               :        Chapter 11

                                                    :

EVERGREEN GARDENS MEZZ LLC, *et al.*                :        Case No. 21-10335 (MG)

                                                    :

          Debtors.[1]                               :

                                                    :

                                                    :

-------------------------------------------------------------X

**ORDER GRANTING  POST-EFFECTIVE DATE EGM PLAN ADMINISTRATOR'S
SECOND OMNIBUS OBJECTION TO  (I) PROOFS OF CLAIM FILED AGAINST
WRONG DEBTOR,  (II) DUPLICATIVE PROOFS OF CLAIM AND (III) CLAIMS
THAT WERE AMENDED BY SUBSEQUENTLY FILED PROOFS OF CLAIM**

Upon the objection (the "Objection") of Tracy L. Klestadt, in his capacity as court

appointed Plan Administrator (the "EGM Plan Administrator") of Post-Effective Date EGM

("EGM") in these chapter 11 cases (the "Chapter 11 Cases") to the proofs of claim listed on the

Schedules attached hereto (collectively, the "Claims") filed against Evergreen Gardens I LLC or

Evergreen Gardens Mezz LLC requesting that the Claims be expunged in their entirety; and it

appearing that this Court has jurisdiction to consider the Objection; and it appearing that the relief

requested in the Objection is in the best interest of the estate, its creditors and all parties-in-interest;

and it appearing that due and proper notice of the Objection and hearing thereon has been given;

and it appearing that no further notice need be given; and a hearing having been held on the

Objection on April 14, 2022 at 11:00 a.m. (EST) (the "Hearing"); and counsel for the EGM Plan

Administrator and the Claimants having appeared and been given an opportunity to be heard at the

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782) (collectively the "Debtors").  The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

Hearing; and upon the record of the Hearing which is incorporated herein by reference; and after due deliberation and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT**:

1.      The Objection is sustained in its entirety as set forth herein.

2.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, the claims listed on **Schedule 1** annexed hereto are hereby disallowed and expunged in their entirety.

3.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, the claims listed on **Schedule 2** annexed hereto are hereby disallowed and expunged in their entirety.

4.      Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, the claims listed on **Schedule 3** annexed hereto are hereby disallowed and expunged in their entirety.

5.      The Court shall retain jurisdiction over any and all issues arising from or related to the interpretation or implementation of this Order.

Dated:    New York, New York
          April ___, 2022

                                        _____
                                        HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

# **<u>Schedule 1</u>**

| Creditor Name | Claim Number | Alleged Priority | Debtor Name | Claim Amount | Basis for Objection |
|---|---|---|---|---|---|
| A OSTREICHER CONSTRUCTION CORP | 123 | Secured | EVERGREEN GARDENS MEZZ LLC | $204,161.53 | Claim Filed Against Wrong Debtor |
| ALL YEAR HOLDINGS LIMITED | 143 | Administrative | EVERGREEN GARDENS MEZZ LLC | Unliquidated | Claim Filed Against Wrong Debtor |
| AMES, CHRISTINA M | 76 | Priority | EVERGREEN GARDENS MEZZ LLC | $46,750.60 | Claim Filed Against Wrong Debtor |
| AMES, CHRISTINA M | 142 | Administrative | EVERGREEN GARDENS MEZZ LLC | $8,700.00 | Claim Filed Against Wrong Debtor |
| ARGO PARTNERS/LEVERAGE BUILDERS GROUP INC | 53 | Secured | EVERGREEN GARDENS MEZZ LLC | $34,024.34 | Claim Filed Against Wrong Debtor |
| CATALA, JACLYN | 68 | Priority | EVERGREEN GARDENS MEZZ LLC | $3,200.00 | Claim Filed Against Wrong Debtor |
| DAVIS, SHAKEIA | 43 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $15,152.00 | Claim Filed Against Wrong Debtor |
| GREEN FOOD SOLUTIONS | 130 | Administrative | EVERGREEN GARDENS MEZZ LLC | $8,050.00 | Claim Filed Against Wrong Debtor |
| HACK, CHARLES | 69 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $3,750.00 | Claim Filed Against Wrong Debtor |
| ISSEKS BROS INC | 122 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $25,117.01 | Claim Filed Against Wrong Debtor |
| KRAMER LEVIN NAFTALIS AND FRANKEL LLP | 81 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $32,079.28 | Claim Filed Against Wrong Debtor |
| LOVELY, TAYLOR | 22 | Priority | EVERGREEN GARDENS MEZZ LLC | $2,700.00 | Claim Filed Against Wrong Debtor |
| NYC- DEPT OF FINANCE | 136 | Administrative | EVERGREEN GARDENS MEZZ LLC | $927,563.78 | Claim Filed Against Wrong Debtor |
| ROTAVELE BROOKLYN CONSTRUCTION INC | 106 | Secured | EVERGREEN GARDENS MEZZ LLC | $34,540.00 | Claim Filed Against Wrong Debtor |
| ROTAVELE ELEVATOR CONSTRUCTION INC | 107 | Secured | EVERGREEN GARDENS MEZZ LLC | $359,093.08 | Claim Filed Against Wrong Debtor |
| ROTAVELE ELEVATOR SVC INC | 141 | Administrative | EVERGREEN GARDENS MEZZ LLC | $13,153.18 | Claim Filed Against Wrong Debtor |
| VERIZON BUSINESS GLOBAL LLC | 23 | Unsecured | EVERGREEN GARDENS MEZZ LLC | $1,409.66 | Claim Filed Against Wrong Debtor |
| YOEL GOLDMAN AND ALL YEAR MANAGEMENT NY INC | 105 | Secured | EVERGREEN GARDENS MEZZ LLC | Unliquidated | Claim Filed Against Wrong Debtor |
| YOEL GOLDMAN AND ALL YEAR MANAGEMENT NY INC | 105 | Unsecured | EVERGREEN GARDENS MEZZ LLC | Unliquidated | Claim Filed Against Wrong Debtor |

# **<u>Schedule 2</u>**

| Creditor Name | Claim Number | Alleged Priority | Debtor Name | Claim Amount | Basis for Objection |
|---|---|---|---|---|---|
| AMES, CHRISTINA M | 76 | Priority | Evergreen Gardens Mezz LLC | $46,750.60 | Duplicate of Claim 74 filed against Evergreen Gardens II LLC |
| AMES, CHRISTINA M | 142 | Administrative | Evergreen Gardens Mezz LLC | $8,700.00 | Duplicate of Claim 140 filed against Evergreen Gardens II LLC |
| GREEN FOOD SOLUTIONS | 130 | Adminisrtrative | Evergreen Gardens Mezz LLC | $8,050.00 | Duplicate of Claim 129 filed against Evergreen Gardens I LLC |
| KIRAKOSSIAN, HASMIK | 67 | Secured | Evergreen Gardens I LLC | $1,092.00 | Duplicate of Claim 66 filed against Evergreen Gardens I LLC |
| MPI PLUMBING CORP. | 20 | Secured | Evergreen Gardens I LLC | $635,502.44 | Duplicate of Claim 19 filed against Evergreen Gardens  I LLC |
| PBS SVC INC. | 147 | Administrative | Evergreen Gardens I LLC | $6,347.72 | Duplicate of Claim 98 filed against Evergreen Gardens I LLC |

# **<u>Schedule 3</u>**

| Creditor Name | Claim Number | Alleged Priority | Debtor Name | Claim Amount | Basis for Objection |
|---|---|---|---|---|---|
| BIG APPLE DESIGNERS INC | 60 | Secured | Evergreen Gardens I LLC | $2,837,315.21 | Amended by Claim 61 filed against Evergreen Gardens I LLC |
| MPI PLUMBING CORP. | 17 | Secured | Evergreen Gardens I LLC | $635,502.44 | Amended by Claim  19 filed against Evergreen Gardens  I LLC |
| SECURITY SHIELD USA INC | 12 | Secured | Evergreen Gardens I LLC | 72,470 | Amended by Claim 13 filed against Evegreen Gardens I LLC |
| SUPREME WOOD FLOORS INC | 3 | Secured | Evergreen Gardens I LLC | $230,033.75 | Amended by Claim 31 filed against Evergreen Gardens I LLC |