**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Tracy L. Klestadt
Brendan M. Scott

*Attorneys for Tracy L. Klestadt in his capacity as*
*Court Appointed Plan Administrator for Evergreen*
*Gardens Mezz LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
                :

**In re**                        :    **Chapter 11**
                        :

**EVERGREEN GARDENS MEZZ LLC,** *et al.*  :    **Case No. 21-10335 (MG)**
                        :

            **Debtors.**[1]       :

                        :
                        :
--------------------------------------------------------------X

## EGM PLAN ADMINISTRATOR'S OBJECTION TO
## PROOF OF CLAIM NO. 34 FILED BY AURA ELECTRICAL SUPPLY INC.

Tracy L. Klestadt, in his capacity as court appointed Plan Administrator the ("EGM Plan

Administrator") of Post-Effective Date EGM ("EGM") in these chapter 11 cases (the "Chapter 11

Cases"), by and through its undersigned counsel, submits this objection (the "Objection") to claim

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Evergreen Gardens Mezz LLC (0416); Evergreen Gardens I LLC (2211); and Evergreen Gardens II LLC (6782) (collectively the "Debtors"). The Debtors' principal offices are located at 199 Lee Avenue, Suite 693, Brooklyn, New York 11211.

number 34(the "Claim") filed by Aura Electrical Supply Inc.  ("Claimant") in the amount of $249,068.00 (the "Claim Amount"), and respectfully states as follows:

## CASE BACKGROUND

1.      On February 22, 2021 (the "Initial Debtor Petition Date"), Evergreen Gardens Mezz LLC ("EGM") commenced a voluntary proceeding under chapter 11 of the Bankruptcy Code with this Court.  On September 14, 2021 (the "Subsidiary Debtors Petition Date, and together with the Initial Debtor Petition Date, each a "Petition Date"), Evergreen Gardens I, LLC ("EG I") and Evergreen Gardens II, LLC ("EG II" and, together with EG I, the "Subsidiary Debtors") commenced their own voluntary proceedings under chapter 11 of the Bankruptcy Code.

2.      On November 5, 2021, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Debtors' (A) Disclosure Statement, (B) Procedures for the Solicitation and Tabulation of Votes, and (C) Forms of Ballots and Related Notices, and (II) Confirming Amended Joint Chapter 11 Plan of Evergreen Gardens I LLC, Evergreen Gardens II LLC, and Evergreen Gardens Mezz LLC* [ECF No. 222] (the "Confirmation Order"), approving, among other things, the terms of the *Amended Joint Chapter 11 Plan of Evergreen Gardens I LLC, Evergreen Gardens II LLC, and Evergreen Gardens Mezz LLC*, dated October 28, 2021 [ECF No. 187] (the "Plan").

3.      The Effective Date of the Plan occurred on December 2, 2021.  *See Notice of (I) Entry of Order Confirming Joint Chapter 11 Plan of Evergreen Gardens I LLC, Evergreen Gardens II LLC, and Evergreen Gardens Mezz LLC, and (II) Occurrence of Plan Effective Date* [ECF No. 275].

4.      On October 6, 2021, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date

Order") [Docket No. 133] fixing a deadline (the "Bar Date") and establishing procedures for filing

proofs of claim against the Debtors and their estates pursuant to Federal Rule of Bankruptcy

Procedure 3003(c)(3) and approving the form and manner of service thereof.  The Bar Date Order

fixed November 12, 2021, at 5:00 p.m. (EST) as the Bar Date for the filing of all claims which

arose against (i) the Initial Debtor (EGM), on or prior to the Initial Debtor Petition Date; or (ii) the

Subsidiary Debtors (EG I and EG II), on or prior to the filing of the Subsidiary Debtors Petition

Date.

5.     The Bar Date Notice and a proof of claim form personalized to show name and

address, claim classification and amount, and the manner in which each creditor was scheduled in

the Debtor's cases were mailed to the creditors listed in the affidavit of service filed at Dkt. No.

155. Further, the Bar Date Notice was published in both The New York Times and Haaretz Daily

Newspaper. *See* Case Dkt. Nos 149 & 163.

6.     On October 26, 2021 Claimant file the Claim and asserted it is owed a secured

claim in the amount of $249,068.00. A copy of the Claim is annexed hereto as Exhibit A.

**RELIEF REQUESTED**

7.     By this Objection, the EGM Plan Administrator requests entry of an order reducing

the Claim to $147,291.53.

8.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a).   Upon an objection, the claimant has the burden to demonstrate the validity

of the claim. See Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC), 15 CV.

3248 (KPF), 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); In re Arcapita Bank B.S.C.(c), No.

12– 11076 (SHL), 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. Nov. 21, 2013), aff'd. sub nom. In

re Arcapita Bank B.S.C. (c), 508 B.R. 814 (S.D.N.Y. 2014); In re Motors Liquidation Co., Nos.

09-50026 (REG), 11 CV. 8444 (RJS), 2012 WL 1886755, at *3 (S.D.N.Y. May 21, 2012); In re

Oneida, Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd., No. 09 CV. 2229 (DC), 2010 WL

234827, at *5 (S.D.N.Y. Jan. 22, 2010).

9.     Further, "[c]laims can be disallowed for failure to support the claim with sufficient

evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. §

502(b), because absent adequate documentation, the proof of claim is not sufficient for the objector

to concede the validity of a claim." In re Minbatiwalla, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010)

(Chapter 13 debtor-mortgagor's objection to proof of claim sustained where claimant, based on

documentation attached to its proof, was not shown to be either a servicer or assignee of mortgage

debt, and where claimant failed to respond to request by debtor's counsel for additional supporting

documentation beyond claim summary attached to its proof.); see also Gyalpo v. Holbrook Dev.

Corp., 577 B.R. 629, 641–42 (E.D.N.Y. 2017); Holzer v. Barnard, No. 15-CV-6277 (JFB), 2016

WL 4046767, at *7 (E.D.N.Y. July 27, 2016).

10.    An objection on the grounds of insufficient documentation requires a response from

the creditor. If the creditor fails to respond to such an objection, the objection will be sustained

after a hearing on notice. In re Porter, 374 B.R. 471, 483 (Bankr. D. Conn. 2007). The documents

submitted by the Claimant are woefully deficient in evidencing its entitlement to the Claim, as

well as the secured nature of the Claim.

11.    In the instant case, the documents submitted by the Claimant conflict with the

Debtor's books and records and are deficient in evidencing its entitlement to the Claim Amount.

12.    Since the Plan Effective Date, the Plan Administrator has reviewed relevant books

and records, including copies of invoices and purchase orders and the Debtor's ledger report,

interviewed Debtor employees and agents regarding the Debtor's historical billing practices, and

compared the Claim Amount to the Debtor's books and records in an effort to determine whether the Claim Amount is, in whole or in part, properly asserted against the Debtor. Based on that review, the EGM Plan Administrator has determined that the Debtor's books and records reflect that, at most, $147,291.53 is owed to Claimant on account of the Claim for work performed by the Claimant on behalf of the Debtor. Accordingly, the EGM Plan Administrator asks the Court to enter an order reducing the Claim to $147,291.53.

## RESERVATION OF RIGHTS

13.    The EGM Plan Administrator reserves the right to further amend, supplement, revise, object or otherwise respond to the Claim on any and all additional factual or legal grounds relevant to the Claim, and, without limiting the foregoing, to (i) amend the Objection; (ii) adjourn any hearing scheduled on the Objection; (iii) file additional papers in support of the Objection; and (iv) take all other appropriate actions to (A) respond to any allegation or defense that may be raised in a response filed by or on behalf of Claimant or other party-in-interest, (B) further object to the Claim in the event that Claimant provides (or attempts to provide) additional documentation or substantiation of its Claim, and/or (C) further object to the Claim based on additional information that may be discovered upon further review by the EGM Plan Administrator or through discovery pursuant to the applicable provisions of Part VII of the Bankruptcy Rules.

## NOTICE

14.    Notice of this Objection has been provided to: (i) the Claimant at the address listed on the Claimant's proof of claim, (ii) the Office of the United States Trustee for the Southern District of New York, and (iii) all parties who have filed a notice of appearance in the Case. The

Trustee submits such notice is sufficient for the relief requested and that no other or further notice need be provided.

**WHEREFORE**, the EGM Plan Administrator respectfully requests that this Court (a) enter an order granting the relief requested herein, substantially in the form attached hereto as Exhibit B, and (b) grant the EGM Plan Administrator such other relief as the Court deems just and proper.

Dated:  March 10, 2022
          New York, New York

Respectfully submitted,

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Brendan M. Scott*
Tracy L. Klestadt
Brendan M. Scott
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
*tklestadt@klestadt.com*
*bscott@klestadt.com*

*Attorneys for Tracy L. Klestadt in his capacity
as Court Appointed Plan Administrator for
Evergreen Gardens Mezz LLC*